UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4532
_____

UNITED STATES OF AMERICA

v.

JEQUELL ROBERT WEST,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-13-cr-00365-001)
District Judge:  Honorable John R. Padova
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 8, 2015

Before:  FUENTES, SMITH, and BARRY, Circuit Judges

_____

JUDGMENT ORDER
_____


This cause came on to be considered on the record from the United States District

Court for the Eastern District of Pennsylvania and was submitted on October 8, 2015.

Jequell West appeals his conviction for possession of a firearm by a convicted felon.  He

argues that the District Court erred in denying his motion to suppress the firearm seized

from his car.  He claims the firearm is the fruit of an unconstitutional traffic stop.  We disagree and will affirm.

At approximately 11:36 p.m., Officer Grenier was notified by radio bulletin that police had received multiple calls reporting shots fired near the intersection of East 23rd and Crosby Streets, a well-known drug trafficking location.  The dispatcher reported that there was a white vehicle heading east on East 23rd Street towards Madison Street.  The dispatcher did not further describe the vehicle, its passengers, or the identity of the callers.  The dispatcher did not state when the shooting reportedly occurred, but Officer Grenier interpreted the dispatcher's use of priority tone to indicate that the shooting was in progress.  Officer Grenier began driving south on Madison Street in his marked police car.  He observed a white vehicle, driven by West, coming from the location of the reported shooting.  Officer Grenier decided to stop the vehicle on the basis of the vehicle's white color and the physical and temporal proximity of the vehicle to the reported shooting.

West argues now, as he did in his motion to suppress, that these circumstances did not give rise to reasonable suspicion to stop his car.  Reasonable suspicion demands that a detaining officer "must have a particularized and objective basis for suspecting the particular person stopped of criminal activity."  *United States v. Brown*, 448 F.3d 239, 246 (3d Cir. 2006).  "In evaluating whether there was an objective basis for reasonable suspicion, we consider 'the totality of the circumstances—the whole picture.'"  *Id.* at 246-47 (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)).  After a careful review of the record and of the well-reasoned opinion of the District Court, we find no

2

basis for disturbing the District Court's ruling.  We will therefore affirm for substantially the same grounds set forth in the record.

On consideration whereof, it is now hereby ORDERED and ADJUDGED by this Court that the order of the District Court entered on November 20, 2014, be and the same is hereby AFFIRMED.

By the Court,

s/ Julio M. Fuentes
Circuit Judge

ATTEST:

s/Marcia M. Waldron,
Clerk

Dated: December 17, 2015

3